# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER D. BUTT,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>DONALD WINTER, SECRETARY OF THE NAVY,<br><br>　　　　　　Defendant. | CASE NO. 06CV1197 JLS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>(Doc. No. 87) |

On March 26, 2007, the Court issued an Order granting in part and denying in part defendant's motion for summary judgment.[1] (Doc. No. 82.) The Court granted summary judgment on plaintiff's first cause of action for Title VII retaliation based on opposition to an unlawful employment practice and the third cause of action under the Rehabilitation Act of 1973. The Court granted in part and denied in part defendant's motion as to the second cause of action for Title VII retaliation based on participation in EEO activity. Plaintiff filed a notice of appeal with the Ninth Circuit Court of Appeals on April 25, 2008 (Doc. No. 92). On May 16, 2008, the Ninth Circuit, recognizing that this Court's Order "did not dispose of the actions as to all claims and all parties," gave plaintiff twenty-one (21) days to move for voluntary dismissal or show cause

---

[1] The Court filed its Order on defendant's motion for summary judgment under seal. The parties had obtained permission to file the moving papers under seal, and the Court ordered that the oral argument proceedings be sealed. The parties have not moved to file under seal any of the papers relevant to the present motion.

why the appeal should not be dismissed for lack of jurisdiction. (Doc. No. 99.)

Presently before the Court is plaintiff's motion for entry of final judgment as to plaintiff's first cause of action for Title VII retaliation based on opposition to an unlawful employment practice. The motion is brought pursuant to FRCP 54(b).[2]

The Court finds that plaintiff has not satisfied either of the prerequisites for entry of final judgment on the first cause of action. First, plaintiff cannot show that "one or more but less than all of the multiple claims have been finally decided and are found otherwise to be ready on appeal." Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 743 (1976) (internal quotations omitted); see Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1524 (9th Cir. 1987) ("claims must be multiple and at least one must have been adjudicated finally"). Applied to these facts, although plaintiff's styled its "opposition" allegations as a separate cause of action from its "participation" allegations, both sets of allegations go toward the same legal claim, i.e., Title VII retaliation. See 42 U.S.C. § 2000e-3(a) (prohibiting discrimination against an employee who "opposed . . . an unlawful employment practice . . . or participated in any manner" in an EEOC proceeding) (emphasis added). As the Court explained the legal standard in its prior summary judgment Order, "protected activity" is the first element in the prima facie case for Title VII retaliation. Plaintiff sought to establish that prong through both forms of protected activity recognized by the statute: opposition and participation. The Court rejected the opposition allegations and accepted in part the participation allegations. Because the Court found a genuine issue of fact as to certain allegations of protected activity, plaintiff's Title VII retaliation claim has not been finally adjudicated.

Second, even if plaintiff's first cause of action warranted treatment as a separate "claim" for purposes of FRCP 54(b), plaintiff has not persuaded the court "there is [no] just reason for delay." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). The key factor in this inquiry is "'the interrelationship of the claims so as to prevent piecemeal appeals.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006) (quoting

---

[2] The rule reads, in relevant part: "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay."

1  Gregorian v. Izvestia, 871 F.2d 1515, 1519 (9th Cir. 1989)).  In considering the relationship

2  between plaintiff's opposition allegations and participation allegations, the Court is mindful of the

3  guidance in Wood v. GCC Bend, LLC, where the Ninth Circuit reversed the district court's entry

4  of judgment on the plaintiff's statutory and common-law claims for constructive discharge because

5  of factual overlap with surviving claims for age discrimination:

> This is not a complicated case.  It is a routine employment discrimination action.  In such cases it is typical for several claims to be made . . . and for several theories of adverse treatment to be pursued.  It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. . . . [R]equesting—or granting a request for—certification in ordinary situations such as this is not routine.  We believe it should not become so.

10  422 F.3d 873, 879 (9th Cir. 2005).  This present action is no more complicated than Wood.

11  Furthermore, in this case, the factual basis for plaintiff's opposition and participation allegations

12  overlaps almost co-extensively.  Plaintiff's opposition allegations hinge on the construction of "an

13  April 23 email objecting to the failure to include sexual orientation as a prohibited basis of

14  discrimination in the [defendant employer's] internal internet posting."  (Memo. ISO Motion, at

15  7.)  Plaintiff readily concedes he will attempt to show at trial that the same email also

16  "constitute[s] 'participation' as construed by Title VII."  (Id. at 7 n.3.)  That concession ensures

17  that granting plaintiff's request "would give rise to successive appeals that would turn largely on

18  identical, and interrelated, facts."  Wood, 422 F.3d at 880.  The Ninth Circuit has already

19  explained that it "cannot afford the luxury of reviewing the same set of facts in a routine case more

20  than once without a seriously important reason."  Id. at 882.

21  No such "seriously important reason" exists in this case.  Despite recognizing plaintiff's

22  financial hardship, the Court is not persuaded that plaintiff "stand[s] to gain or lose a significant

23  amount of money [if] the appeal is heard now rather than at the end of trial."  Wood, 422 F.3d at

24  882.  Even if the Court entered judgment and plaintiff prevailed on appeal, plaintiff would only be

25  able to present the jury with one more piece of evidence of protected activity (which, again, is a

26  piece of evidence that plaintiff will try to get into evidence at the upcoming trial).  Furthermore,

27  the Court declines to adopt plaintiff's one-sided construction of the statute directing trial courts "to

28  cause the case to be in every way expedited."  42 U.S.C. § 2000e-5(f)(5).  The final pretrial

1  conference will take place in less than two months, and the Court will set the action for trial at the
2  soonest available date.  Although plaintiff would strategically prefer an appeal rather than a trial,
3  the Court finds that entering final judgment (leading to an appeal that would likely take years to
4  resolve) does not better achieve the statutory directives.  Finally, the Court rejects plaintiff's
5  generalized allegations about an immediate appeal's "potential for an impact on settlement."
6  (Memo. ISO Motion, at 10.)  Plaintiff has failed to show "any serious possibility of settlement that
7  turns on which theory survives."  Wood, 422 F.3d at 882 n.6.  Even if the Court entered the final
8  judgment and allowed the appeal, the parties might still be too far apart in their estimates of the
9  value of the case after the appeal to resolve this action without a trial.  See id.

10       For all these reasons, the Court **DENIES** plaintiff's motion for entry of final judgment.
11       IT IS SO ORDERED.

13  DATED: June 2, 2008

14  *Janis L. Sammartino*
   Honorable Janis L. Sammartino
15  United States District Judge